# In the United States Court of Federal Claims

No. 15-307C
(Filed: August 18, 2015)

* * * * * * * * * * * * * * * * * * * * *

SIGMATECH, INC.,

      *Plaintiff*,

v.

THE UNITED STATES,

      *Defendant*,

and

QUANTITECH, INC.,

and

INTUITIVE RESEARCH AND
TECHNOLOGY CORPORATION

      *Intervenors.*

Bid protest; 28 U.S.C. § 1500; mootness.

* * * * * * * * * * * * * * * * * * *

*Roderic G. Steakley*, Huntsville, AL, for plaintiff.

*Delisa M. Sanchez*, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Martin F. Hockey, Jr.*, Assistant Director, for defendant. *Capt. Evan Williams*, U.S. Army Legal Services Agency, Ft. Belvoir, VA, of counsel.

*John J. Callahan, Jr.*, Huntsville, AL, for intervenor QuantiTech, Inc.

*Richard J. R. Raleigh, Jr.*, Huntsville, AL, for intervenor Intuitive

Research and Technology Corporation

ORDER

BRUGGINK, *Judge*

     F. Scott Fitzgerald wrote in "The Crack-up" that "the test of a first-rate intelligence is the ability to hold two opposed ideas in mind at the same time, and still retain the ability to function."  F. Scott Fitzgerald, The Crack-up 69 (Edmund Wilson, ed., New Direction Publishing 1993) (1936).  So we must credit Intervenor Intuitive Research and Technology Corporation with a first-rate intellect.  How else to view the argument that the court has no jurisdiction due to the operation of 28 U.S.C. § 1500 (2012), and that it nevertheless should address the merits of plaintiff's complaint?  This is a particularly breathtaking argument in view of the fact that the plaintiff itself, Sigmatech, Inc., has agreed to the government's motion to dismiss on mootness grounds.

     Mootness, of course, is itself a jurisdictional matter.  If the complaint is moot because of the government's corrective action, then the court lacks jurisdiction.  We are satisfied that the matter is, indeed, moot.  Sigmatech's complaint, as later amended, asserted that the Army Contract Command's decision to award four blanket purchase agreements under its "AMCOM"[1] and "EXPRESS"[2] programs to other bidders, but not to award such an agreement to Sigmatech, was arbitrary and capricious and not in accordance with applicable regulations.  Sigmatech sought a declaration that the awards were improper and an injunction against issuance of task orders under those awards.  It filed a motion for judgment on the administrative record.

     The government and the other intervenor, QuantiTech, did not respond to Sigmatech's dispositive motion.  Instead, on May 29, 2015, the government filed a notice of preliminary intent to implement corrective action and sought a stay of briefing.  We granted the motion for a stay of briefing on June 1, and, on June 4, the government filed a notice stating that

> The Army has decided to terminate the Blanket Purchase Agreements (BPAs) awarded to Intuitive Research and

---

[1] Aviation and Missile Life Cycle Command.

[2] Expedited Professional and Engineering Services Program.

Technology Corporation, BCF Solutions, Inc., QuantiTech, Inc. and Trident Technologies, LLC, in September 2014 pursuant to RFQ No. W31P4Q-13-T-0050. The terminations will be effectuated pursuant to the termination clause in the BPAs. After the Army issues the requisite termination notices, the United States will move to dismiss this bid protest due to mootness. Subsequent to the Court's dismissal of this bid protest, the Army will consider whether additional corrective action is feasible in this case. Should the Army determine to forgo additional corrective action, it may decide to cancel RFQ No. W31P4Q-13-T-0050.

Despite the court's stay of briefing, intervenor Intuitive filed a cross-motion for summary judgment and a motion to dismiss. The motion to dismiss was predicated on 28 U.S.C. § 1500 (2012), which precludes this court from exercising jurisdiction in the event the same matter is pending in another court. According to Intuitive, Sigmatech had previously filed an action in district court involving the same procurement.

On June 4, in addition to the notice of corrective action, the government moved to dismiss on mootness grounds. Plaintiff does not oppose the motion to dismiss, responding that "[b]y terminating the BPAs, the Army has effectively mooted Sigmatech's primary request for relief by precluding any awards to [the] BPA holders." Pl.'s Resp. to Mot. to Dismiss 4. Nor does intervenor QuantiTech oppose the motion, although it is not happy with the result and reserves the right to seek further injunctive relief in the future depending on what the Army ultimately does with its procurement.

Intervenor Intuitive, however, has filed an opposition to defendant's motion to dismiss, urging us to resolve instead its own earlier motion to dismiss on Section 1500 grounds.[3] And, in an attempt to get ahead of the

---

[3] We do not mean to minimize the weight of Intuitive's Section 1500 motion. Section 1500 has a ruthless and unpredictable effect. As intervenor points out, even if the two actions seek different relief, this action would be barred if Sigmatech has pending elsewhere a claim "for or in respect to" the claim here. *See United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1728-29 (2011). It would not matter, for purposes of section 1500, that this court's jurisdiction over "any alleged violation of statute or regulation in connection

(continued...)

3

government's motion to dismiss on mootness grounds, Intuitive urges us first to examining the merits of Sigmatech's complaint to determine whether the matters raised therein have been resolved by the corrective action. It urges the court to bring the complaint back to life, in other words, before killing it for a different reason:

> Intuitive is seeking to have Sigmatech's five alleged violations decided on the merits as part of the Court's ascertaining if the agency corrective action is reasonable. . . . Intuitive has a right to have the action decided on the merits rather than resolved by unilateral, arbitrary action by the Government which results in severe harm to Intuitive.

Intuitive's Opp'n to Def.'s Mot. to Dismiss 19-20. Intuitive therefore urges the court, along the way toward granting Intuitive's motion to dismiss for jurisdictional reasons, first to rule on the merits of the underlying bid protest.

We decline to do so. Intuitive is intervening in Sigmatech's action and Sigmatech has the right to terminate the controversy. The present state of affairs is that the complaint is moot and Sigmatech has agreed to dismissal. Unlike the government, which might have the right to object to a what amounts to a voluntary dismissal, depending on whether it has answered or counterclaimed, for example, *see* RCFC 41, intervenors have no such right. The court is not an open grand jury convened to inquire into all possible aspects of a procurement. There has to be a controversy, and presently there

---

[3](...continued)
with a procurement or proposed procurement," 28 U.S.C. § 1491 (a)(3) (2012), is a"a broad grant of jurisdiction because '[p]rocurement includes all stages of the process of acquiring property or services, beginning with the process for determining a need for property or services and ending with contract completion and closeout,' " *Sys. Application & Techs., Inc. v. United States*, 691 F.3d 1374, 1381 (Fed.Cir.2012) (quoting *Res. Conservation Grp., LLC v. United States*, 597 F.3d 1238, 1244 (Fed. Cir.2010)), or that this court's jurisdiction over such matters is exclusive, *Distributed Solutions, Inc. v. United States*, 539 F.3d 1340, 1344 (Fed. Cir. 2008) ("§ 1491(b) confers exclusive jurisdiction upon the Court of Federal Claims over bid protests against the government") .

4

is not one. If Intuitive wishes to assert a challenge to the agency's procurement conduct, it will have to file its own complaint.

Accordingly, we grant the government's motion to dismiss on mootness grounds. All other pending motions are denied as moot. The Clerk is directed to enter judgment accordingly. No costs.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge
